UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, #199135, | ) C/A No. 3:12-2392-JMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **Partial Summary Dismissal** |
| Mr. Westley, *First Name Unknown, Officer of Kirkland's Law Library*; Margaret Sullivan, *3d Circuit Court Reporter*; Mary Williams, *S.C. Assistant Attorney General*; Charles T. Brooks, *Court Appointed PCR Attorney*; Christopher Florain, *SCDC Staff Attorney*; Diane Hingle, *SCDC State Classification Officer*; Candi L. Cannon, *SCDC State Classification Officer*; Mrs. York, *FNU, Kershaw Institutional Classification Officer*; Mr. Eury, *FNU, Kershaw Institutional Classification Officer*; Mrs. Amason, *FNU, Director Kershaw Mailroom*; Ms. Hough, *Grievance Coordinator of Kershaw CI*; Ms. Reynolds, *FNU, Warden of Kershaw*; in their individual or personal capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Bernard McFadden, ("Plaintiff"), a state prisoner in the Kershaw Correctional

Institution ("KCI") of the South Carolina Department of Corrections ("SCDC"), is proceeding *pro*

*se* and *in forma pauperis*. This matter is before the undersigned United States Magistrate Judge,

pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for initial screening.

For the reasons that follow, the undersigned recommends that the following Defendants be dismissed

from this case without prejudice and without issuance and service of process: Court Reporter

Margaret Sullivan ("Sullivan"); Mary Williams ("Williams"), South Carolina Assistant Attorney

General: Charles T. Brooks ("Brooks"), Court Appointed PCR Attorney; Ms. Hough ("Hough"), Grievance Coordinator of KCI; and KCI Warden Ms. Reynolds ("Reynolds").  In a separately docketed order, the undersigned has authorized service of the complaint against the Defendants Mr. Westley ("Westley"), Officer of the KCI's Law Library; Christopher Florain ("Florain"), SCDC Staff Attorney; Diane Hingle ("Hingle"), SCDC State Classification Officer; Candi L. Cannon ("Cannon"), SCDC State Classification Officer; Mrs. York ("York"), KCI Classification Officer; Mr. Eury ("Eury"), KCI Classification Officer; and Mrs. Amason ("Amason"), Director of KCI Mailroom.

### STANDARD OF REVIEW

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2) (B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating

2

a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir.1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir.1990).

## BACKGROUND

On November 19, 2010, in Sumter County General Sessions Court, Plaintiff was convicted of burglary second degree and sentenced to a fifteen-year term of imprisonment in SCDC. Plaintiff previously sought to challenge this conviction and sentence by filing two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, on April 26, 2011 and on September 8, 2011.[1]  In Civil Action Number 11-959, Plaintiff's habeas petition was summarily dismissed, without prejudice and without issuance of service of process, on June 20, 2012, because Plaintiff had not exhausted his state court remedies. *See* C/A No. 11-959, ECF No. 19. Plaintiff's Motion to Alter or Amend Judgment in the case was denied, on September 20, 2012. *See* C/A No. 11-959, ECF No. 27. Plaintiff's appeal of this Court's judgment in the case, notice of which was filed on July 23, 2011, is currently pending in the United States Fourth Circuit Court of Appeals. *See* C/A No. 11-959, ECF Nos. 23, 29. In C/A No. 11-2394, Plaintiff's habeas petition was summarily dismissed

---

[1]*See McFadden v. Warden of Kershaw Correctional Institution*, C/A No. 3:11-959-JMC-JRM (D.S.C.), and *McFadden v. The State of South Carolina, et al.*, C/A No. 3:11-2394-JMC-JRM (D.S.C.). A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court has the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'")

without prejudice on November 20, 2012, because his petition was duplicative of the petition previously filed (C/A No. 11-959) and because Plaintiff had not exhausted his state court remedies. *See* C/A 11-2394, ECF No. 11.

In the instant case, Plaintiff alleges that he now has a "pending (PCR) case # 2011-CP-43-1952," in Sumter County Common Pleas Court,[2] in which he is attempting to exhaust the state court remedies available to him to challenge his November 19, 2010 conviction. *See* ECF No. 1, p. 7. Plaintiff also alleges that, prior to filing his PCR case, he filed a direct appeal of his conviction in the South Carolina Court of Appeals, but "the S.C. Court of Appeals' Chief Judge John Cannon Few dismissed his appeal on 12/31/2010 due to the failure of Plaintiff to timely serve the Notice of Appeal on opposing counsel, as provided for in Rule 203 of the South Carolina Appellate Court Rules." *See* ECF No. 1, p. 5-6.

Plaintiff alleges in the instant civil action, brought pursuant to 42 U.S.C. § 1983, that Defendants denied him access to the court under the First and Fourteenth Amendments. *See* ECF No. 1, p. 2. He claims that Defendants "have knowingly and wilfully impede[d] and/or are impeding his efforts to successfully obtain relief from a blood staged burglarized crime scene, altered evidence, false testimony and erroneous court rulings," as Plaintiff characterizes the state court

---

[2]Plaintiff's PCR case, *McFadden v. State of South Carolina*, 2011-CP-43-1952, was filed on October 20, 2011, according to the Sumter County Third Judicial Circuit Public Index. *See* http://publicindex.sccourts.org/sumter/publicindex/CaseDetails.aspx?County=43&CourtAgency =43002&Casenum=2011CP4301952&CaseType=V (last visited Nov. 16, 2012). *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.1980) (federal courts may take judicial notice of proceedings in other courts of record); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

criminal proceedings which resulted in his November 19, 2010 burglary conviction in Sumter

County. *See* ECF No. 1, p. 3.

With respect to Defendant Westley,[3] Plaintiff alleges that:

B) . . . after [Plaintiff] was convicted on 11/19/2010, he was transported to Kirkland R&E Center on or about 11/22/2010.

C) . . . on or about 11/22/2010, he deposited a written SCDC Request To Staff Member form to defendant Westly about his need to appeal his conviction by using the law library within (10) days from 11/19/2010 to determine proper procedure, particularly stating on or before 11/29/2010.

D) . . . Defendant Westly responded to this 11/22/2010 request on 11/23/2010 with a disposition stating "unless you have a court ordered deadline (30 days or less) you do not have access to the law library, and that if Plaintiff had a lawyer or a public defender, he or she should have filed an appeal on Plaintiff's behalf, thereby denying Plaintiff access to the law library.

E) . . . in compliance with SCDC's Inmates Access To Court Policy under General Provisions of GA-01.03, subsection # 1, all inmates will be provided with tools to challenge or appeal their sentence; and in compliance with SCDC's Inmate Access To Court Policy at GA-01.03, subsection # 7.6, when inmates in Intake Status who wish to use the law library, Kirkland's institutional law library personnel should contact the Office of General Counsel for guidance.

F) . . . Defendant Westly did not contact the Office of General Counsel before denying Plaintiff's request for assistance, and had he so contacted said office, they could have easily instructed him to complete SCDC Form 9-2, Law Book Request for S.C. Rules of Court book.

G) . . . as a result of Defendant Westly's actions of not timely providing books from the law library or access to it, the S.C. Court of Appeals' Chief Judge John Cannon Few dismissed his appeal on 12/31/2010 due to the failure of Plaintiff to timely serve

---

[3]Plaintiff's spelling of this Defendant's name is not consistent.  The name is spelled "Westley" in the case caption and in Plaintiff's proposed service documents.  In some portions of the Complaint, however, Plaintiff spells the name "Westly."  The docket in this case and the caption of this Report and Recommendation reflect the name as it is spelled in the caption of Plaintiff's Complaint.  However, where this Report quotes Plaintiff's Complaint, the Report maintains the spelling used by Plaintiff in the quoted portion of his Complaint.

the Notice of Appeal on opposing counsel, as provided for in Rule 203 of the South Carolina Appellate Court Rules.

ECF No. 1, p. 5-6.

With respect to the other Defendants, Plaintiff alleges that:

Defendants Margaret Sullivan, Charles Brooks, Christopher Florain, Mr. Eury, Mrs. York, Candi L. Cannon, Diane Hingle, Mrs. Amason and Ms. Hough are knowingly and wilfully concealing crucial information to obtain relief in (PCR) case # 2011-CP-43-1952, or any other court, in the following particulars for declaratory rulings and injunctive relief:

1) Defendants Eury, York, Cannon and Hingle of Kershaw Institutional and SCDC State Classification and Defendant Brooks of the Brooks Law Office refusal to investigate or audit or otherwise change the incorrect 12/25/2000 max-out date to the correct max-out date after being presented with Clarendon County Clerk of Court's records in a written SCDC Request To Staff form dated February 9th, 2012, and February 25th, 2012; and a letter mailed to both Defendants Hingle and Brooks dated April 3rd, 2012, showing a sentence start date of 4/15/1995, rather than an incorrect information of a (10) yr. sentence for a 2d degree burglary conviction in 1995 (indictment 95-GS-14-187) is needed in (PCR) case # 2011-CP-43-1952 or any other court for relief;[4]

_____

[4]Elsewhere in his Complaint Plaintiff alleges that "Clarendon County Court of General Sessions Clerk's Office records show a correct sentence start date of 4/15/1995 on indictment # 95-GS-14-187 for a 1995 burglary 2d conviction for which he was given (10) years, reflecting a max-out date before 11/1/2000, resulting in[] this conviction being more than (10) years old . . . however . . . SCDC records erroneously show a sentence start date of June 1st, 1995, for this offense with a max-out date of 12/25/2000." Plaintiff alleges that "during his 11/19/201[0] burglary 2d trial, the trial court judge Jeffrey Young erroneously ruled that the State may use this 1995 burglary 2d conviction to impeach him regardless of the incorrect max-out date and regardless of the prejudicial effect, resulting in[] Plaintiff's decision not to testify in his own defense." Plaintiff alleges that he did testify in a previous trial on this same charge, which resulted in a "hung jury trial on 9/24/10 before Judge George James." Plaintiff alleges that "on or about February 9th, 2012, he forwarded written SCDC Request To Staff Member forms to Defendants Eury, York, Cannon and Hingle with Clarendon County Court of General Sessions Clerk's Office records showing correct 4/15/1995 sentence start date to indictment # 95-GS14-187 in support of his request for an audit to reflect the true max-out date not exceeding 11/1/2000, or otherwise being more than (10) years old when it was offered for impeachment purposes at his November 2010 trial." Plaintiff alleges that "on or about June 07th, 2012, he presented yet another written request to defendants Eury, York, Cannon and Hingle, urging the correct max-out date is needed in his pending (PCR) case # 2011-CP-43-1952 (continued...)

2) in Defendant Brooks' refusal to follow-up on a 4/17/2012 letter regarding an audit of the incorrect 12/25/2000 max-out date because of an incorrect 6/1/1995 sentence start date of said (1995) (10) yr. sentence for 2d degree burglary (indictment # 95-GS-14-187) stating issue would have been subject to direct appeal, intentionally over-looking the fact that Plaintiff framed Issue # 3 in his (PCR) application as one of ineffective assistance of counsel;

3) in Defendant Brooks, Sullivan and Williams' refusal to timely give Plaintiff his 2012 trial transcript in an effort to prevent him from detecting any alteration of proceedings and evidence and/or presenting any evidence (if not altered) to corroborate his (PCR) claims in (PCR) case # 2011-CP-43-1952 or any other court for relief;

4) in Defendant Brooks' intentionally filing frivolous motions for funding for experts in investigation dated 4/3/2012 and 5/17/2012 that are designed to be rejected by any court in that they don't demonstrate necessity and reasonableness of investigative and expert services needed to (among other things) corroborate a blood staged crime scene by reviewing Detective Irene Culick's SIM card and original photographs for the order the photographs were taken in that are attached to the (PCR) application within the meaning of DeLong vs. Thompson, as alleged in above paragraph (T);

5) in defendant Florain's refusal to allow copying of handwritten notarized documents that the Plaintiff generated prior to trial while at Sumter-Lee Regional Detention Center in corresponding with his trial attorney to demonstrate that trial counsel was put on notice of certain issues but ignored them, documents that are relevant and needed in his now pending (PCR) case # 2011-CP-43-1952 or any other court;

6) in defendant Amason returning several letters correctly addressed to 3d Circuit Court Judge Ferrell Cothran, to wit: Post Office Drawer 700, Manning, S.C. 29102, and refusing to question U.S. Post Office connected to her to track: 1) why was the letter correctly addressed to Judge Cothran returned, 2) who returned it, and 3) what's the correct address if address cited is in fact incorrect in her effort to prevent

---

[4](...continued)
and they still allowed the incorrect 12/25/2000 max-out date (records) to exist[]. . . after Defendants Eury, York, Cannon and Hingle were presented with the fact of an incorrect max-out date they thereafter are knowingly and wilfully concealing the correct max-out date that doesn't exceed 11/1/2000 in their effort to prevent him from obtaining relief on case # 2011-CP-43-1952 or any other court." Plaintiff alleges that he wrote two additional letters/requests to Defendant Cannon, on February 9, 2012 and on February 25, 2012, in a further unsuccessful attempt to have his records corrected. See ECF No. 1, p. 6-7.

Plaintiff from informing Judge Cothran about Brooks' intentional filing of frivolous motions . . . ; and

7) in Defendant Hough refusing to file grievance dated 6/8/2012 against Defendant Amason to prevent Plaintiff from obtaining 3d Circuit Court Judge Ferrell Cothran's correct address, if address cited in paragraph (V) above is in fact incorrect, to inform said judge about Defendant Brooks' intentional filing of frivolous motions . . . .

ECF No. 1, p. 11-13.

Plaintiff seeks the following relief:

1) <u>Monetary Damages From Defendant Westly Only</u>: Twenty five hundred ($2,500.00) per day for each day served beyond (4) years, Clarendon County burglary 2d conviction imposed concurrently on 7/20/2011, indictment # 2011-GS-14-0342, to (15) year Sumter County subject-matter burglary 2d conviction on 11/19/2010, indictment # 2010-GS-43-00257,[5] but not to exceed $5,000,000.00 (five million dollars) for Westl[e]y knowingly and wilfully preventing Plaintiff from pursuing a meritorious appeal and therefore causing loss wages, causing mental and emotional distress and a need for punitive damages.

2) <u>Declaratory And Injunctive Relief</u>: Declare the rest of the above Defendants Sullivan, Williams, Brooks, Florain, Hingle, Cannon, York, Eury, Amason and Hough's actions will deny Plaintiff's right to petition the government for redress in grievances and access to court, and instruct said Defendants to remedy the above complaints against each of them to enable Plaintiff to obtain judicial relief in the interest of justice and the will of the almighty God in the name of Jesus Christ.

ECF No. 1, p. 15.[6]

---

[5]According to the Clarendon County Third Judicial Circuit Public Index, Plaintiff was arrested, on September 10, 2010, and pled guilty, on July 20, 2011, to burglary second degree, in C/A No. 2011-GS-14-00342. Plaintiff was sentenced to four years imprisonment. It does not appear that Plaintiff filed a direct appeal or a PCR application challenging this conviction. *See* http://publicindex.sccourts.org/clarendon/publicindex/CaseDetails.aspx?County=14&CourtAgency=14001&Casenum=M083417&CaseType=C (last visited Nov. 16, 2012).

[6]Although Plaintiff's claims concern his efforts to obtain state post-conviction relief and/or federal habeas relief, he does not appear to seek habeas-type relief, i.e., his immediate release from custody, in this action. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court reaffirmed that, under *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "habeas corpus is the exclusive
(continued...)

**DISCUSSION**

In order to state a cause of action under § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996).

Plaintiff appears to allege he was denied his right of access to the courts. The right of access to the courts is the right to bring to court a grievance that the inmate wished to present and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989). Actual injury requires that the inmate demonstrate that his "nonfrivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Lewis*, 518 U.S. at 353-55.

With respect to Defendants Sullivan, Williams, Brooks, Hough, and Reynolds, Plaintiff's Complaint fails to allege sufficient facts to state a plausible claim of a deprivation of his federal

---

[6](...continued)

remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck*, 512 U.S. at 481. Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are simply not cognizable in a § 1983 action.

9

rights.   Accordingly, the undersigned recommends that Plaintiff's Complaint be summarily dismissed as to these five Defendants.

Plaintiff appears to allege that Defendant Sullivan, a Sumter County Court Reporter, failed to provide him with a complete trial transcript.  As a state court reporter,  Sullivan is a "state actor" amenable to suit under § 1983.  *See Antoine v. Byers & Anderson*, 508 U.S. 429, 437 (1993) (rejecting absolute immunity for court reporters); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (court reporters do not have absolute immunity from damage claims).  In addition, some courts have recognized a § 1983 claim based on the deliberate actions of court reporters.  *See McCullough v. Horton*, 69 F.3d 918, 919 (8th Cir. 1995) (claim that court reporter failed to provide inmate with transcript of criminal trial was not frivolous); *Gagan v. Norton*, 35 F.3d 1473, 1476-77 (10th Cir. 1994) (claim that court reporters refused to prepare transcripts).  However, "innocent errors, even if negligent" do not subject court reporters to liability under § 1983.  *See Loubser v. Thacker*, 440 F.3d at 442, citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986) (section 1983 claims cannot be founded on negligence).

Plaintiff alleges that Defendant Sullivan indicated that she provided a copy of Plaintiff's November 2010 trial transcript to Plaintiff's PCR attorney, Defendant Brooks, "who acts as though Defendant Mary Williams, Assistant Attorney General, has it."  Plaintiff's allegation does not constitute a claim that Sullivan failed to provide a transcript.  Further, the Court can take judicial notice that on June 1, 2012 (according to the Sumter County Third Judicial Circuit Public Index), a trial transcript was filed in Plaintiff's PCR case.[7]  Moreover, Plaintiff "does not have a

---

[7]*See* http://publicindex.sccourts.org/sumter/publicindex/CaseDetails.aspx?County=43&CourtAgency=43002&Casenum=2011CP4301952&CaseType=V (last visited Nov. 16, 2012).

constitutional right to a totally accurate transcript of his criminal trial." *Tedford v. Hepting*, 990 F.2d 745, 747 (3rd Cir. 1993); *see also Hampton v. Segura*, 276 F. App'x 413 (5th Cir. 2008). As such, Plaintiff's allegations are insufficient to state a plausible claim that Defendant Sullivan violated Plaintiff's constitutional rights under § 1983.

The sole allegation in Plaintiff's Complaint concerning Defendant Williams is that "Brooks acts as though Defendant Mary Williams, Assistant Attorney General, has [the trial transcript] - who doesn't respond at all to Brooks' 5/7/12 letter." As noted above, the record in Plaintiff's PCR case reflects that the trial transcript has been filed. Plaintiff fails to state a plausible claim that Defendant Williams violated Plaintiff's constitutional rights under § 1983.

Plaintiff's allegations against Defendant Brooks, Plaintiff's PCR attorney, fail to state a cognizable claim under § 1983. Purely private conduct such as that allegedly engaged in by Defendant Brooks, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Defendant Brooks is not a state actor and his actions in representing Plaintiff in Plaintiff's PCR case do not constitute state action or action under color of state law, as it is well settled that "[a] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'" *Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney);

11

*Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). In short, considering the totality of the circumstances and assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to show that Defendant Brooks is a state actor, or that the Defendant Brooks jointly participated with any state actors to violate Plaintiff's constitutional rights. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court, because the Complaint fails to allege that Defendant Brooks acted "under color of state law," within the meaning of § 1983, to injure Plaintiff.

Plaintiff alleges that Defendant Hough violated Plaintiff's First Amendment right, by failing to process a grievance he filed against Defendant Amason concerning the return of mail sent to Judge Cothran. Plaintiff does not have a constitutionally protected interest in access to SCDC's grievance process or its investigative process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (Prisoners do not have a constitutional right of access to the grievance process); *see Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) ("Federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Further, allegations that Defendants did not follow SCDC policies or procedures, standing alone, do not amount to constitutional violations. *See*

12

*Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

With respect to Defendant Reynolds, Plaintiff alleges that "Defendant Warden Reynolds has also reviewed and removed Clarendon County Court documents from Grievance Number KRCI-0845-12 dated June 22nd, 2012, declared under penalty of perjury this 5th day of August 2012." *See* ECF No. 1, p. 7. As noted above, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d at 75. Therefore, Plaintiff's Complaint fails to states a plausible claim that any constitutional violation of Plaintiff's rights was committed by Defendant Reynolds, based on any action or inaction taken by Reynolds with regard to the grievance cited by Plaintiff. Plaintiff cannot assert liability against Defendant Reynolds solely on the theory of *respondeat superior*,[8] and the allegations in Plaintiff's Complaint do not allege that Defendant Reynolds took any direct, personal action with respect to the alleged denial of Plaintiff's access to the courts.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Complaint be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Sullivan,

---

[8]The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

13

Williams, Brooks, Hough, and Reynolds.  Plaintiff's attention is directed to the important notice on the next page.

November 30, 2012                                Joseph R. McCrorey
Columbia, South Carolina                         United States Magistrate Judge

14

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

15