IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Bernard McFadden, #199135, ) | |
| ) | Civil Action No. 3:12-2392-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Mr. Westley; Officer of Kirkland's Law ) | |
| Library; Margaret Sullivan, 3d Circuit ) | |
| Court Reporter; Mary Williams, SC ) | |
| Assistant Attorney General; Charles ) | |
| T. Brooks, Court Appointed PCR Attorney; ) | |
| Christopher Florain, SCDC Staff Attorney; ) | |
| Diane Hingle, SCDC State Classification ) | |
| Officer; Candi L. Cannon, SCDC State ) | |
| Classification Officer; Mrs. York, FNU ) | |
| Kershaw Institutional Classification ) | |
| Officer; Mr. Eury, FNU Kershaw ) | |
| Institutional Classification Officer; ) | |
| Ms. Hough, Grievance Coordinator of ) | |
| Kershaw CI; Ms. Reynolds, FNU Warden ) | |
| of Kershaw; Mrs. Amason, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 10), filed November 30, 2012, recommending the court dismiss *pro se* Plaintiff Bernard McFadden's ("Plaintiff") 42 U.S.C. § 1983 claim against Defendants Margaret Sullivan, Ms. Reynolds, Mary Williams, Charles Brooks, and Ms. Hough (collectively referred to as "the Unserved Defendants"), which alleged a denial of access to the courts under the First and Fourteenth Amendments. (ECF Nos. 1, 61[1]). Plaintiff has filed his

---

[1] On November 12, 2013, the magistrate judge granted Plaintiff's motion to amend the complaint. On that same day, Plaintiff filed the Amended Complaint (ECF No. 61) which the court now takes into consideration.

1

complaint pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** without prejudice Plaintiff's claims against Defendants Sullivan, Reynolds, Williams, Brooks, and Hough.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the background in this case is warranted.

At the time of his filings in the instant case, Plaintiff was incarcerated in the Kershaw Correctional Institution ("KCI"), a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2). Plaintiff filed this action on August 21, 2012 (ECF No. 1), alleging that Defendants violated the First and Fourteenth Amendments by impeding his efforts to bring certain claims in state and federal court. *See id.* at 3. With respect to the Unserved Defendants, Plaintiff's allegations center on his pending post-conviction relief ("PCR") case, *McFadden v. State of South Carolina,* 2011-CP-43-1952.

In Plaintiff's pending PCR case, he challenges a November 19, 2010, second degree burglary conviction for which he received a sentence of fifteen years. (ECF No. 8 at 1, 2). Plaintiff's instant claims of a denial of access to the court for his PCR action involve two main issues: an allegedly erroneous max-out date[2] for Plaintiff's 1995 second degree burglary conviction and the transcript for Plaintiff's 2010 burglary trial.

Plaintiff appears to state that in his PCR case he is arguing ineffective assistance of trial counsel because his defense attorney did not sufficiently raise the max-out date issue. (*See* ECF

---

[2] "Max-out date" is the "projected release date based upon the assumption that an inmate will earn and retain the maximum amount of sentence-related credits available to him." *Yawn v. South Carolina Dep't of Corr.,* No. 01-ALJ-04-00473-AP, 2002 WL 1730047, at *2 (S.C. Admin. Law Judge Div., July 17, 2002).

No. 1 at 8). Specifically, Plaintiff's argument seems to be that at his 2010 burglary trial, the trial judge granted the state attorney the ability to impeach Plaintiff with his 1995 burglary conviction and that the judge's decision was based on a record that contained an erroneous max-out date for that conviction. *See id.* at 4. The allegedly erroneous max-out date placed Plaintiff's projected release date within the time limit restrictions of South Carolina Rule of Evidence ("SCRE") 609(b). The rule states in relevant part:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Rule 609(b), SCRE. Plaintiff contends that the correct max-out date made his release date for the 1995 conviction older than ten years, and for that reason, he argues, the prior conviction should not have been ruled admissible. (*See* ECF No. 1 at 4).

Plaintiff explains that he is attempting to raise this issue through the framework of an ineffective assistance of counsel PCR claim. *Id.* at 8. However, he complains that several of the Unserved Defendants have obstructed his ability to do so. Plaintiff contends that Defendant Brooks, his court appointed PCR attorney, failed to investigate the max-out date issue. *Id.* at 7-8. Plaintiff further claims that Defendant Hough has blocked his access to the courts on this issue by refusing to file a grievance related to his difficulty in mailing a letter to the PCR judge. *Id.* at 9-10. In his letter, Plaintiff was attempting to inform the PCR judge of his PCR counsel's purported refusal to investigate the max-out date matter. *Id.* at 10. Plaintiff argues that Defendant Hough intentionally refused to file his grievance against the director of the mailroom because Hough desired to "prevent Plaintiff from obtaining [the] correct address." *Id.* Plaintiff also contends that Defendant Reynolds (FNU Warden of Kershaw) reviewed his grievance and

removed court documentation from his grievance that reflected an allegedly accurate max-out date. *Id.* at 7, n.A.  Plaintiff also stated, "Reynolds is knowingly and willfully maintaining false records in her jacket to…prevent relief [in his PCR case]".  (ECF No. 61 at 36).

In addition to his allegation that some of the Unserved Defendants have impeded his PCR claim regarding the admissibility of his 1995 conviction, Plaintiff appears to argue that some of the Unserved Defendants have hindered other PCR claims by interfering with his access to his 2010 trial transcript.  In particular, Plaintiff states that Defendants Sullivan (3d Circuit Court Reporter), Brooks, and Williams (SC Assistant Attorney General) have inadequately responded to his requests for the transcript by not providing him with a copy of it.  *Id.* at 8, 12.  Plaintiff further claims that Defendant Sullivan has refused to provide audio tapes of the 2010 trial which also has prevented review of "a complete transcript and colored photographs" in preparation for expert testimony that would presumably be given at the PCR hearing.  (ECF No. 61 at 36).

The magistrate judge issued the Report on November 30, 2012, recommending that the court dismiss Plaintiff's complaints against the Unserved Defendants for failure to state a plausible claim.  (ECF No. 10 at 9-10).  The magistrate judge found that Plaintiff alleged an innocent, or at best negligent, error on the part of Defendant Sullivan, and as such, she could not be held liable under § 1983.  *Id.* at 10 (citing *Loubser v. Thacker,* 440 F.3d 439, 442 (7th Cir. 2006); *Daniels v. Williams,* 474 U.S. 327, 330 (1986)).  The magistrate judge also took judicial notice of a transcript that was filed in Plaintiff's PCR case on June 1, 2012, according to the Sumter County Third Judicial Circuit Public Index.  (ECF No. 10 at 10).  Due to the apparent filing of the trial transcript, the magistrate judge noted that Defendant Williams should be dismissed because there was no longer any alleged injury. *Id.* at 11.

The Report recommended dismissal of Defendant Brooks because as a court-appointed defense attorney, he is not a state actor and his actions do not constitute state action as required for suit under § 1983. *Id.* (citing *Polk County v. Dodson,* 454 U.S. 312, 318 (1981)). The magistrate judge recommended dismissal of Plaintiff's claim against Defendant Hough because prisoners do not have a constitutionally protected interest in access to SCDC's grievance process. *Id.* at 12 (citing *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994)). Finally, the Report stated that Defendant Reynolds should be dismissed because Plaintiff's complaint regarded the SCDC grievance procedures to which he had no constitutional entitlement. (ECF No. 10 at 13). The magistrate judge further explained that any claim Plaintiff stated against Defendant Reynolds under a theory of *respondeat superior* was not cognizable in § 1983 suits in the absence of a claim that Defendant Reynolds took personal action or evidence of an official policy or custom that resulted in illegal action. *Id.*

On December 11, 2012, Plaintiff filed Objections to the Report[3] ("Objections") (ECF No. 13). In his Objections, Plaintiff appears to concede that he has received a transcript, but he alleges that it is altered. *Id.* at 1. Plaintiff argues that the purportedly altered transcript could have an adverse effect on his PCR case because there are no colored photos for the experts to review. *Id.* He also speculates that the altered transcript has resulted in his "inability to review favorable omitted testimony of state DNA analyst Katie (McCoy) Erkal". *Id.* He further states that missing testimony of defense witnesses may negatively impact some of his PCR claims as well. *Id.*

---

[3] The court references only those Objections that are not duplicative of the additional claims that were added in Plaintiff's Amended Complaint (ECF No. 61).

**STANDARD OF REVIEW**

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

**DISCUSSION**

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999). Based on the Objections (ECF No. 13) and Amended Complaint (ECF No. 61), the court has construed Plaintiff's specific objections to be against dismissal of Defendants Hough and Reynolds.

To plead a right of access to courts claim, "[s]pecificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations." *Cochran v.*

6

*Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996). The prisoner must show an actual, non-trivial injury resulting from the state actor's alleged misconduct. *Id.* Generally, plaintiffs must claim a deprivation of the ability to bring a nonfrivolous, legal claim to the courts. *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *see also Akers v. Watts,* 740 F. Supp. 2d 83, 96 (D.D.C. 2010) (stating that for an access to courts claim, a prisoner "must allege actual injuries as a result of the denial by claiming that an actionable claim was rejected, lost, or prevented from being filed."). The court finds that Plaintiff has failed to meet the injury prong with respect to each claim against Unserved Defendants, and specifically for his claims against Defendants Hough and Reynolds.

In his Objections, Plaintiff argues that the allegedly altered transcript provided by Defendant Hough "c[ould] very well" have an adverse impact on his PCR claim. (ECF No. 13 at 1). While Plaintiff speculates as to what that impact may be, he has not alleged that a nonfrivolous PCR claim has been rejected, lost, or prevented. Thus, any qualifying injury Plaintiff may endure as a result of Defendant Hough's purported failure is not yet evident. Plaintiff's claim in his Objections and Amended Complaint that Defendant Reynolds is preventing him from raising the max-out date issue by "maintaining false records in her jacket" similarly does not allege sufficient injury. Given that Plaintiff's PCR case is still pending, it is premature for Plaintiff to argue that, as a result of Defendant Reynolds's actions, he will not be able to raise the max-out date issue through an ineffective assistance of counsel claim.

Accordingly, the court agrees with the Report's recommendation that dismissal of the Unserved Defendants, including Defendants Hough and Reynolds, is warranted.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation

7

(ECF No. 10) and **DISMISSES** without prejudice Defendants Margaret Sullivan, Ms. Reynolds, Mary Williams, Charles Brooks, and Ms. Hough from this action.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 3, 2013
Greenville, South Carolina