IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden,          )<br>                            )<br>              Plaintiff,    )<br>                            )<br>v.                          )<br>                            )<br>Mr. Westley, *First Name Unknown*, *Officer of*  )<br>*Kirkland's Law Library*; Christopher Florain, )<br>*SCDC Staff Attorney*; Diane Hingle, *SCDC*      )<br>*State Classification Officer*; Candi L. Cannon, )<br>*SCDC State Classification Officer*; Mrs. York, )<br>*FNU, Kershaw Institutional Classification*      )<br>*Officer*; Mr. Eury, *FNU, Kershaw Institutional* )<br>*Classification Officer*; Mrs. Amason, *FNU,*    )<br>*Director of Kershaw Mailroom*; *in their*      )<br>*individual or personal capacities*,           )<br>                            )<br>              Defendants.   )<br>_____ ) | C/A No. 0:12-2392-JMC-PJG<br><br><br><br>**ORDER** |

The plaintiff, Bernard McFadden ("McFadden"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court on the plaintiff's motion to compel. (ECF No. 20.) In response to McFadden's motion, the defendants filed a motion for a protective order. (ECF No. 86.)

During a hearing held January 22, 2014, the Honorable J. Michelle Childs, United States District Judge, granted McFadden the opportunity to serve the defendants with requests for admission limited in scope and number to specifically address the issue of the authenticity of three defendants' signatures on Request to Staff forms identified by McFadden during the hearing. The defendants argue in their motion that the fifteen requests for admission that they subsequently received from McFadden exceed the scope of the additional discovery permitted by the court's ruling

*PJG*

on January 22, 2014 and, moreover, seek information largely related to defendants' counsel, who is not a party to this action.

After a thorough review of the parties' filings and the record in this case, it is hereby

**ORDERED** that McFadden's motion to compel is denied and the defendants' motion for a protective order is granted, as the requests for admission that McFadden served on the defendants are beyond the scope of discovery authorized by the court on January 22, 2014. To the extent that McFadden served any request for admission that was within the scope of the court's January 22, 2014 ruling, the court finds the defendants' responses to be sufficient. No further discovery shall be conducted in this matter without authorization from the court. It is further

**ORDERED** that McFadden shall advise the court as to whether he wishes to continue with this case and to file a response to the defendants' motion for summary judgment (ECF No. 82) within fourteen (14) days from the date of this order. Plaintiff is further advised that if he fails to respond, **this action may be recommended for dismissal with prejudice for failure to prosecute.** See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 10, 2014
Columbia, South Carolina