IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard McFadden, | C/A No. 0:12-2392-JMC-PJG |
| Plaintiff, | |
| v. | |
| Mr. Westley, *Officer of Kirkland's Law Library*; Christopher Florain, *SCDC Staff Attorney*; Diane Hingle, *SCDC State Classification Officer*; Candi L Cannon, *SCDC State Classification Officer*; Mrs. York, *Kershaw Institutional Classification Officer*; Mr. Eury, *Kershaw Institutional Classification Officer*; Mrs. Amason, *Director Kershaw Mailroom*; | **REPORT AND RECOMMENDATION** |
| Defendants. | |

The plaintiff, Bernard McFadden ("McFadden"), a self-represented state prisoner, filed this action against the named defendants pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (ECF No. 82.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), McFadden was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 83.) McFadden filed a response in opposition (ECF No. 90), and the defendants replied (ECF No. 94). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

---

[1] Defendants Sullivan, Reynolds, Williams, Brooks, and Hough were dismissed from this action pursuant to the Order of the Honorable J. Michelle Childs, United States District Judge, issued December 2, 2013.

## BACKGROUND

McFadden's Complaint, as amended, raises claims against employees of the South Carolina Department of Corrections ("SCDC") whom he alleges have violated his constitutional rights in thwarting his attempt to appeal his 2010 burglary conviction. Specifically, McFadden alleges that on November 22, 2010, McFadden gave a Request to Staff to Defendant Westley that stated he needed access to the law library in order to appeal his conviction, and that he had ten days to do so. McFadden alleges that Westley responded to his request the following day, stating that unless McFadden had a court-ordered deadline of thirty days of less, he could not have access to the law library. Additionally, Westley allegedly told McFadden that his attorney or public defender should have filed an appeal on his behalf. McFadden alleges Westley did not follow policy (specifically, SCDC's Inmate Access to Court Policy GA-01.03 subsection 7.6, which allegedly states that when inmates in intake status wish to use the library, library personnel should contact the Office of General Counsel for guidance) when denying him library access and that as a result of Westley's actions, his appeal was dismissed due to McFadden's failure to serve the appeal on opposing counsel pursuant to Rule 203, of the South Carolina Appellate Court Rules.

McFadden's allegations against Defendants York, Eury, Hingle, and Cannon appear to include a series of events in which McFadden alleges these defendants refused to investigate or correct what McFadden contends was an incorrect max-out date from a previous conviction that affected the sentence for his 2010 conviction. Additionally, McFadden alleges that Defendant Amason returned several letters related to McFadden's current post-conviction relief ("PCR") case, and that Defendant Florain refused to allow McFadden to copy documents that McFadden needed for his PCR case.

McFadden seeks monetary relief with regard to Defendant Westley, and injunctive relief as to the remaining defendants.[2]

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, this court recognizes that while the determinations of credibility and the weighing of evidence are matters for the jury and not the court, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.

---

[2] McFadden appears to seek injunctive relief in the form of having his 2010 sentence recalculated based on the alleged error stemming from his 1995 sentence. The court observes that such relief is unavailable under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

PJG

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

The defendants argue that McFadden failed to exhaust his administrative remedies with regard to his claims before filing the instant lawsuit. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative

proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Moreover, review from the South Carolina Administrative Law Court ("ALC") is generally part of the available administrative remedies an inmate must exhaust.[3] See Furtick v. S.C. Dep't of Corr., 649 S.E.2d 35, 38 (S.C. 2007) (reaffirming that "the ALC has jurisdiction over all inmate grievance appeals that have been properly filed") (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (S.C. 2004)); (see also SCDC Policy

---

[3] South Carolina case law has established certain exceptions not applicable here. See Howard v. S.C. Dep't of Corr., 733 S.E.2d 211, 215-18 (S.C. 2012) (interpreting a post-Furtick statutory amendment to S.C. Code Ann. § 1-23-600(D) and holding that the ALC lacked jurisdiction over an inmate's appeal involving the loss of the opportunity to earn sentence-related credits and no state-created property or liberty interest); Travelscape, LLC v. S.C. Dep't of Rev., 705 S.E.2d 28, 38-39 & n.10 (S.C. 2011) (stating that the ALC is without jurisdiction to hear facial challenges to the constitutionality of a regulation or statute but may rule on as-applied challenges); Howard, 399 733 S.E.2d at 218 (applying the holding in Travelscape, LLC to challenges to prison policies).

§ 13.9, ECF No. 82-2 at 7). The Administrative Law Court is a statutorily created hybrid. Its enabling legislation provides that the Administrative Law Court is both a court of record and an executive branch agency. See S.C. Code Ann. § 1-23-500 (stating that the Administrative Law Court "is an agency and a court of record within the executive branch of the government of this State"). The Administrative Law Court is unquestionably part of the executive, not judicial, branch of state government. As such, it provides an administrative—not judicial—remedy. Thus, the Administrative Law Court is part of the available *administrative* remedies that an inmate must exhaust. See 42 U.S.C. § 1997e(a) (requiring a prisoner to exhaust "such administrative remedies as are available").

With regard to his claims against Defendant Westley, McFadden argues that he has filed multiple Step 1 and Step 2 grievances, which he has provided as attachments to his Complaint. Additionally, in response to the defendants' motion for summary judgment, McFadden argues that exhaustion of state administrative remedies is not a prerequisite under § 1983, citing Patsy v. Board of Regents of the State of Florida, 457 U.S. 496 (1982). As the defendants point out in their reply, McFadden's reliance on Patsy is misplaced, as the Patsy Court clearly acknowledged the 42 U.S.C. § 1997e exception that created a specific exhaustion requirement for adult prisoners bringing actions pursuant to § 1983. See Patsy, 457 U.S. at 507-08. McFadden has not provided any evidence refuting the defendants' showing that he failed to properly seek review from the South Carolina Administrative Law Court for his claims against Defendant Westley.[4]

---

[4] Even if McFadden had properly exhausted his administrative remedies, he cannot show that Defendant Westley has yet caused any actual injury, Lewis v. Casey, 518 U.S. 343, 349 (1996), as McFadden's PCR case is still pending in which he could arguably seek a belated direct appeal under state law. See McFadden v. State, 2011–CP–43–1952; Sumter County Third Judicial Circuit Public Index, http://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx (enter last name "McFadden", first name "Bernard"; then select hyperlink for case number "2001CP4301952") (last visited June 20, 2014).

The defendants also argue that McFadden did not exhaust his administrative remedies with regard to Defendants York, Eury, Hingle, Cannon, Amason, and Florain, providing evidence of multiple Step 1 attempts by McFadden that were never appealed, as well as one Step 2 grievance that was still pending at the time McFadden filed the instant Complaint. McFadden does not appear to dispute the defendants' showing, instead requesting that the court dismiss his claims without prejudice if it were to find that he did not exhaust his administrative remedies.[5] (See Pl's Resp. in Opp'n Summ. J., ECF No. 82 at 3.)

## RECOMMENDATION

Accordingly, the defendants' motion for summary judgment (ECF No. 82) should be granted based on McFadden's failure to exhaust properly his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before commencing this lawsuit.

June 20, 2014  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[5] As noted above, even if the court were to reach the merits of McFadden's claims with regard to these defendants, the injunctive relief he seeks is unavailable under § 1983.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).