#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ROCK HILL DIVISION

| | |
|---|---|
| Bernard McFadden, ) | Civil Action No. 0:12-cv-02392-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Mr. Westley, *Officer of Kirkland's Law* ) | |
| *Library*; Christopher Florain, *SCDC Staff* ) | |
| *Attorney*; Diane Hingle, *SCDC State* ) | |
| *Classification Officer*; Candi L Cannon, *SCDC* ) | |
| *State Classification Officer*; Mrs. York, ) | |
| *Kershaw Institutional Classification Officer*; ) | |
| Mr. Eury, *Kershaw Institutional Classification* ) | |
| *Officer;* Mrs. Amason, *Director Kershaw* ) | |
| *Mailroom* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges employees of the South Carolina Department of Corrections ("SCDC") violated his constitutional rights. Specifically, Plaintiff alleges that Defendants denied him access to the courts to appeal his 2010 burglary conviction in violation of the First and Fourteenth Amendments. (ECF No. 1 at 2.) Plaintiff seeks monetary damages from Defendant Westley and injunctive relief as to the remaining defendants. (ECF No. 1 at 15.)

This matter is before the court pursuant to the magistrate judge's Report and Recommendation (the "Report"[1]), filed June 26, 2014, recommending that Defendants[2] motion

---

[1] The Report sets forth in detail the relevant background facts and legal standards for this matter which the court incorporates herein without recitation.

[2] Defendants are collectively Douglas Wesley, III (identified as Mr. Westley, First Name Unknown, Officer of Kirkland's Law Library), Christopher D. Florian (identified as Christopher Florian, SCDC Staff Attorney), Diane Hingle (identified as Diane Hingle, SCDC State Classification Officer), Candice L. Cannon (identified as Candi L. Cannon, SCDC State

1

for summary judgment be granted. (ECF No. 95 (referencing ECF No. 82).) Plaintiff timely filed objections to the magistrate judge's Report on July 8, 2014. (ECF No. 97). For the reasons set forth below, the court **GRANTS** Defendants' motion for summary judgment.

## LEGAL STANDARD

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See U.S. v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordan v. Leake*, 574 F.2d 1147, 1151 (4th Cir. 1978). Summary dismissal of a prisoner complaint is required under the Prison Litigation Reform act ("PLRA") where the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *McLean v.*

---

Classification Officer), Cynthia M. York (identified as Mrs. York, FNU, Kershaw Institutional Classification Officer), Catherine A. Amason (identified as Mrs. Amason, FNU, Director Kershaw Mailroom) and Johnny A. Eury (identified as Mr. Eury, FNU, Kershaw Institutional Classification Officer). (*See* ECF No. 82 at 1–2.)

*United States*, 566 F.3d 391, 394 (4th Cir. 2009) (citing 28 U.S.C. § 1915A).

## DISCUSSION

In the Report, the magistrate judge observed that "McFadden appears to seek injunctive relief in the form of having his 2010 sentence recalculated based on the alleged error stemming from his 1995 sentence . . . such relief is unavailable under § 1983." (ECF No. 97 at 3 n.2.) In response to the magistrate judge's observation, Plaintiff filed three objections. In Objection No. 1, Plaintiff asserts that the court should reject the Report "because this issue deals with statutory jail-time and because changing the incorrect 6/2/1995 date to correct 4/15/1995 sentence start date will not change his current max-out date." (ECF No. 97 at 2.) In Objection No. 2, Plaintiff argues that the magistrate judge's assertion is not accurate and states that "this case is not about an incorrect 2010 sentence," but "is about making the 1995 burglary . . . conviction remote to win relief." (*Id.* at 3.) In Objection No. 6, Plaintiff suggests that because changing the start date of his 1995 conviction would "render a prior conviction inadmissible," his case "is proper for injunctive relief under § 1983." (*Id.* at 7.)

In considering the merit of these objections, the court finds that the magistrate judge correctly determined that the relief Plaintiff seeks is not available under § 1983. As the magistrate judge correctly noted, habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Thus, the court agrees with the magistrate judge that the relief Plaintiff seeks is unavailable under § 1983, and the court must overrule Plaintiff's objections regarding this issue.

In Objections Nos. 3 and 5, Plaintiff focuses on the magistrate judge's determination that Plaintiff had failed to exhaust his administrative remedies as required by § 1997e(a) of the Prison

3

Litigation Reform Act ("PLRA"). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The magistrate judge concluded that Plaintiff "has not provided any evidence refuting the defendants' showing that he failed to properly seek review from the South Carolina Administrative Law Court for his claims against Defendant Westley." (ECF No. 95 at 6.) Plaintiff, however, contends in Objection No. 3 that "because this is a question of law, no evidence is needed." (ECF No. 97 at 6.) Plaintiff further contends in Objection No. 5 that he has shown "a genuine dispute as to whether Wesley was just negligent or whether he knowingly and wilfully denied me access to the law library . . . ." (*Id.* at 7.)

Interpreting the language and structure of the PLRA, it is clear that Plaintiff need not allege that he exhausted his administrative remedies in his § 1983 prison-conditions complaint. *See Anderson v. XY Correctional Health Serv., Inc.*, 407 F.2d 674, 681 (4th Cir. 2005). Rather, Plaintiff's failure to exhaust his administrative remedies is "an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Id.* This circuit has noted that this court has the authority to dismiss a case when it is clear from the complaint that the inmate has not exhausted his administrative remedies. *See id.* at 682. This court is also vested with the authority to "inquir[e] on its own motion into whether the inmate exhausted all administrative remedies. *Id.* at 683.

In his motion for summary judgment, Defendant Westley properly raised the affirmative defense, and Plaintiff was provided an opportunity to respond. Plaintiff cited to *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496 (1982), for the proposition that exhaustion of state remedies is not a prerequisite under § 1983. After reviewing that opinion, however, it is

4

clear that 42 U.S.C. § 1997e carves out an exception for exhaustion requirements for adult prisoners bringing actions pursuant to § 1983.  *See Patsy*, 457 U.S. at 507-08.  The court acknowledges that the burden is not on Plaintiff to demonstrate that he exhausted his remedies; however, where, as here, Defendant Westley has raised the affirmative defense, Plaintiff must refute that the defense applies by showing that he properly sought review from the South Carolina Administrative Law Court.  Plaintiff has failed to do so.  Thus, this court adopts the finding of the magistrate judge that "[Plaintiff] has not provided any evidence refuting defendants' showing" and overrules these objections.  (ECF No. 95 at 6.)

Finally, Plaintiff asserts in Objection No. 4 that, contrary to the findings of the Report, he has shown actual injury.  (ECF No. 97 at 6.)  The magistrate judge noted that Plaintiff's PCR case as to Defendant Westley is still pending and that he may be able to seek a belated direct appeal under state law.  (ECF No. 95 at 6.)  Accordingly, the magistrate judge concluded that Plaintiff cannot show that Defendant Westley has yet caused any actual injury.  Plaintiff argues that due to his alleged extended incarceration, he has suffered "monetary damages on lost wages, mental and emotional distress" such that he should also be entitled to punitive damages.  (ECF No. 97 at 6–7.)

The court's role is "to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm; it is not the role of courts . . . to shape the institutions of government in such fashion as to comply with the laws and Constitution."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The political branches are the proper branch "to manage prisons in such fashion that official interference with the presentation of claims will not occur."  *Id.*  Here, Plaintiff's PCR case against Defendant Westley is still pending in state court.  *See McFadden v. State*, 2011-CP-431952.  As the magistrate judge noted, Plaintiff may still be able to directly

appeal under state law, and thus, Plaintiff has not yet suffered actual injury.  (ECF No. 95 at 6 n.4.)  Accordingly, the court must overrule Plaintiff's Objection No. 4.

## CONCLUSION

Therefore, for the reasons set forth above, the court hereby **GRANTS** Defendants' motion for summary judgment (ECF No. 82).  The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 19, 2014
Columbia, South Carolina